UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIC ANTHONY DUDLEY,
   *Plaintiff*,

   v.

U.S. ATTORNEY'S OFFICE, and
U.S. MARSHAL SERVICES
   *Defendants*.

No. 3:24-cv-01256 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Eric Anthony Dudley ("Mr. Dudley" or "Plaintiff"), appearing *pro se*, has sued the United States Attorney's Office ("USAO") and the United States Marshal Services ("USMS") (collectively "Defendants") and alleges he suffered "mental anguish, depression, anxiety, panic attacks, terror, psychological harm, and trauma" during an encounter with a receptionist and security guard at the U.S. Attorney's office. Amd. Compl., ECF No. 16 (October 21, 2024) at 1–2 ("Amd. Compl."). Mr. Dudley asserts claims of: (1) discrimination under Title II of the Civil Rights Act, (2) excessive force, (3) negligence, and (4) intentional infliction of emotional distress and seeks monetary damages. *Id*.

The Defendants have filed a motion to dismiss Mr. Dudley's Complaint for lack of subject matter jurisdiction. Mot. to Dismiss, ECF No. 13-1 (Sept. 30, 2024) ("Mot.").

For the following reasons, the motion to dismiss is **GRANTED**.

Mr. Dudley's claims are **DISMISSED** without prejudice for lack of jurisdiction, but without leave to amend.

Mr. Dudley's motion to transfer venue is **DENIED AS MOOT**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    A.  **Factual Allegations**

On August 25, 2023, Mr. Dudley visited the U.S. Attorney's Office in New Haven, Connecticut to obtain signatures on a complaint and summons from the reception desk. Amd Compl. at 1.

When he arrived at the reception desk, an unnamed receptionist was allegedly "dismissive and condescending," towards Mr. Dudley and demanded that Mr. Dudley say "please" in order to receive assistance. *Id*.

Mr. Dudley then began to record his conversation with the receptionist on his phone as Security Guard Thomas Guglielmi observed the interaction. *Id.* The receptionist allegedly continued to treat Mr. Dudley rudely and tensions escalated. *Id.*

The receptionist eventually signed Mr. Dudley's documents and Mr. Dudley asked for the receptionist's name. *Id.* At that point, Security Guard Thomas Guglielmi allegedly placed his hand on his gun and "threatened to handcuff and remove [Mr. Dudley] if [he] did not leave immediately." *Id.* For Mr. Dudley this interaction was reminiscent to a recent incident in New Haven, Connecticut involving Randy Cox who was allegedly mistreated by police officers. *Id*.

    B.  **Procedural History**

On July 26, 2024, Mr. Dudley filed his *pro se* form Complaint in this case. Compl., ECF No. 1.

On September 30, 2024, the Defendants filed a motion to dismiss for lack of jurisdiction. Mot.

On October 21, 2024, Mr. Dudley filed a memorandum in opposition to the motion to dismiss. Mem. in Opp'n, ECF No. 14 ("Opp'n").

The same day, Mr. Dudley filed a motion to transfer venue to the Richard C. Lee United States Courthouse in New Haven. Mot. to Transfer Venue, ECF No. 15 (Oct. 21, 2024).

Lastly, on that same day, Mr. Dudley filed an Amended Complaint. Amd. Compl.

On November 4, 2024, the Defendants filed a reply to Mr. Dudley's memorandum in opposition to the motion to dismiss. Reply to Response to Mot. to Dismiss, ECF No. 18 ("Reply").

## II.   STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "[A] defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### III.  DISCUSSION

Defendants have moved to dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Mot. Defendants argue that: (1) they are not proper tort defendants under the Federal Tort Claims Act ("FTCA"), and (2) Mr. Dudley has not properly exhausted his administrative remedies before filing his FTCA claims. Reply at 2.

Mr. Dudley argues however, that this Court does have jurisdiction over this case because; (1) the case is based on intentional torts and other misconduct from federal employees, and (2) the urgency and nature of these claims justified judicial intervention without further administrative proceedings. Opp'n at 2.

The Court agrees with the Defendants that they are not proper Defendants under the FTCA, and that Mr. Dudley did not properly exhaust his administrative remedies and thus his Complaint must be dismissed.

#### A.  The Federal Tort Claims Act

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "One such 'limited

waiver' of sovereign immunity is provided by the FTCA, which 'allows for a tort suit against the United States under specified circumstances.'" *Id.* (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). The FTCA "provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).

Under the FTCA, a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The cause of action authorized by the FTCA "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim," *id.*, except "(1) when an injured plaintiff brings a *Bivens* claim against the government employee, seeking damages for a constitutional violation, or (2) when an injured plaintiff brings an action under a federal statute that authorizes recovery against a government employee." *Davis v. United States*, 430 F. Supp. 2d 67, 72 (D. Conn. 2006) (citing *United States v. Smith*, 499 U.S. 160, 166–67 (1991)).

Federal agencies are not proper defendants under the FTCA. The statute provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). Thus, if a claim falls within the "jurisdictional grant" of the FTCA, "the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994).

As a result, any FTCA claims Mr. Dudley may have against the United States Attorney's Office or Marshall Services, federal agencies, fail for lack of jurisdiction under the FTCA.

Even if Mr. Dudley had sued the United States specifically as a defendant in this case, this Court would still lack jurisdiction because Mr. Dudley failed to exhaust his administrative remedies.

Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see also Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) ("[A] plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court."). "This procedural hurdle applies equally to litigants with counsel and to those proceeding *pro se*." *Adeleke*, 355 F.3d at 153 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). "The plaintiff . . . bears the burden of showing that [he] exhausted [his] administrative remedies by presenting [his] claim to the appropriate federal agency before filing suit." *Cooke*, 918 F.3d at 81 (citing 28 U.S.C. § 2675(a); *Payne v. United States*, 10 F. Supp. 2d 203, 204 (N.D.N.Y. 1998)).

While Mr. Dudley claims that "the urgency and nature of my claims justify judicial intervention without further administrative proceedings," Opp'n at 2, the exhaustion requirement under the FTCA is jurisdictional and cannot be excused or waived. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the

6

Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . ."); *Celestine*, 403 F.3d at 80 ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived.").

Because Mr. Dudley has not shown any evidence that he exhausted his administrative remedies in this case, he has failed to meet his burden to proceed with a claim under the FCTA.

Accordingly, Mr. Dudley's claims will be dismissed for lack of subject matter jurisdiction.

### B. Leave to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l*

*Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

It is well established that in federal court a plaintiff "must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations, or if the court *sua sponte* raises the question." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations and quotation marks omitted).

As discussed above, Mr. Dudley's FTCA claims against the Defendants, federal agencies, are barred under the doctrine of sovereign immunity. *Meyer*, 510 U.S. at 474, 486 (holding that federal agencies may not be sued under the FTCA ("if a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy is exclusive and the federal agency cannot be sued in its own name" (internal quotations omitted)).

Therefore, even if Mr. Dudley were to file an Amended Complaint against the Defendants, because this Court will lack federal subject matter jurisdiction over this case any such amendment would be futile. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile."). *Koso v.*

*Haegele*, No. 18-CV0-4400 (JMA) (AYS), 2018 WL 6531496, at *3 (E.D.N.Y. Dec. 11, 2018) ("Because there is a lack of subject matter jurisdiction, which could not be cured if afforded an opportunity to amend [Plaintiff's] complaint, leave to amend the complaint is denied.").

When a federal court lacks subject matter jurisdiction, it may not dismiss a case with prejudice. *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

Accordingly, Mr. Dudley's Complaint will be dismissed without prejudice, but without leave to amend it. *See Viera v. Weir*, No. 15-CV-1292 (VLB), 2015 WL 5472841, at *2 (D. Conn. Sept. 16, 2015) (dismissing claims barred by state sovereign immunity without prejudice and without leave to replead).

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

Mr. Dudley's claims are **DISMISSED** without prejudice but without leave to amend.

Mr. Dudley's motion to transfer venue is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 15th day of November, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE